# St. L. & S. F. R. R. Co. *v.* Pearce.

*Damages for Injury to Passenger.*

(Decided April 7, 1909.   49 South. 247.)

*Carriers; Passengers; Complaint; Sufficiency.*—The facts stated in counts 11 and 12 would support a charge of simple negligence, but wanton or willful misconduct cannot be predicated upon them; and where on such facts stated, the pleader attempts to predicate a charge of wanton or willful misconduct, this renders such count inconsistent and repugnant in averment.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by J. Gus Pearce against the St. Louis & San Francisco Railroad Company for personal injuries received while a passenger. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The counts of the complaint mentioned in the opinion are as follows:

Count 10:  "The plaintiff claims of the defendant the sum of $1,999 as damages, for that on, towit, the 15th day of October, 1905, the defendant was engaged in the business of operating a railroad in Walker and Jeffer-

son counties, Ala., for the carriage of passengers for hire, and on, to wit, said 15th day of October, 1905, the plaintiff was a passenger on a railroad train on defendant's line of railroad in said county, and was going east, and at a point near Booker City, in said county of Jefferson, the car on which plaintiff was traveling as such passenger was derailed and wrecked, and plaintiff's arm was badly injured, and his wrist and hand were cut, and his shoulder and body were bruised and injured, which injuries were severe and permanent, and he was greatly frightened, and suffered great mental and physical pain, and was for a long space of time rendered unable to attend to his business as was his wont, and lost valuable time, and incurred doctor's bills and expenses in and about attempting to get cured of his said hurts; and plaintiff further alleges that the cross-ties on defendant's line of road at the point where said injuries occurred were rotten and defective, and that a reasonable and probable consequence of running cars over the same at a high rate of speed would be that said cars would be derailed, and that injuries would occur to passesgers on board said train of cars; and the plaintiff alleges that the condition of said cross-ties and track was well known to the defendant at the time of said accident and for a long time prior thereto, yet, notwithstanding such condition of said track and defendants knowledge thereof, the said cars were propelled by defendant or its agents along and over said track at a great rate of speed, recklessly, wantonly, and intentionally, and as a natural and proximate consequence thereof the said coach on which plaintiff was a passenger was derailed, and plaintiff was injured as aforesaid."

Count 11: Same as 10, down to and including the words "to get cured of his said hurts," and adding: "And plaintiff alleges that at the point where said acci-

dent occurred the roadbed and track and cross-ties of the defendant were in bad condition and unsafe, and that the cross-ties were rotten, that the track was worn and decayed, that the roadbed was not stable, and said track was not properly adjusted, and that the natural and probable consequence of running a train of cars over said track at said point, at the speed with which defendants' cars, on which plaintiff was a passenger, were being operated, was to endanger the plaintiff's personal safety, and that the condition of the said track as hereinbefore set forth was known to the defendant, yet, notwithstanding said knowledge, the defendant's servants recklessly, wantonly, and intentionally propelled said train of cars along said track at a rate of speed which was dangerous to acquire on a track in the condition thereinbefore alleged, and as a consequence thereof plaintiff was injured."

Demurrers were interposed to these counts as follows: "(1) Said count is inconsistent and repugnant, in that the facts stated constitute only simple negligence, and the count charges willful or wanton injury. (2) The facts stated do not constitute wanton or willful injury. (3) It is not charged that defendant's servants who ran the train as alleged knew of the condition of the track."

BANKHEAD & BANKHEAD, for appellant. The court committed error in overrulling demurrer to the 10th and 11th counts of the complaint.—L. & N. v. Parker, 96 Ala. 435; Crocker's Case, 95 Ala. 412; Brown's Case, 121 Ala. 221. The court should have given the affirmative charge as to these counts.—Nave v. A. G. S., 96 Ala. 264; Markee's Case, 103 Ala. 160; Bower's Case, 110 Ala.; A. G. S. v. Burgess, 114 Ala. 57. The court should have given charges 11 and 12 requested by defendant.—L. & N. R. R. Co. v. Crawford, 89 Ala. 240; Swope's Case, 115 Ala. 287, and authorities supra.

LEITH & GUNN, and JOHN A. COLEMAN, for appellee. The court did not err in submitting the question of wanton or willful negligence to the jury.—*A. G. S. v. Hill,* 90 Ala. 80. The court did not err in refusing charges 11 and 12.—*L. & N. v. Anchors,* 22 South. 281; 110 Ala. 328. These charges were covered by charges K and M given for the defendant. The court did not err in its rulings on the evidence.—*L. & N. v. Stewart,* 128 Ala. 313; *Parrish v. The State,* 139 Ala. 44; *A. G. S. v. Bailey,* 112 Ala. 176; *R. & D. R. R. Co. v. Vance,* 93 Ala. 144; 93 Ala. 514; 6 Thomp. on Neg. 740.

DOWDELL, C. J.—While there are many assignments of error on the record, of the questions raised only two are insisted upon in argument by counsel for appellant, and these relate to the tenth and eleventh counts of the complaint. The assignments which relate to these two counts we think are well taken. These counts were evidently intended by the pleader, and so treated by the court, as counts for wanton and intentional wrong. As such each are defective and subject to demurrer.

The facts stated in regard to the defective condition of the defendant's railroad track would undoubtedly support a charge of negligence; but on the facts stated the pleader predicates a charge of willful or wanton misconduct, and not of simple negligence, and in this respect each of the counts was inconsistent and repugnant in its averments and subject to the demurrer interposed.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, DENSON, and MAYFIELD, JJ., concur.